UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Melissa Weeks and
Daniel Rouille

    v.                                    Civil No. 13-cv-426-JD
                                          Opinion No. 2013 DNH 068
Five Brothers Mortgage
Services & Securing, Inc.
and U.S. Bank National Association


O R D E R

Melissa Weeks and Daniel Rouille brought suit in state court
against Five Brothers Mortgage Services & Securing, Inc. ("Five
Brothers") and U.S. Bank National Association ("U.S. Bank"),
alleging claims that arose from U.S. Bank's involvement in the
foreclosure of the plaintiffs' house and the defendants' taking
and disposal of the plaintiffs' personal property.  The
defendants removed the case to this court and move to dismiss
Count I of the complaint, which alleges various "statutory
violations."  The plaintiffs object.


Background

On or about September 17, 2008, Melissa Weeks and Daniel
Rouille ("plaintiffs") entered into a loan with U.S. Bank, which
was secured by a mortgage on their house at 244 West Rosemont
Avenue in Manchester, New Hampshire ("Manchester House").  After
obtaining the loan, the plaintiffs made their monthly mortgage
payments as scheduled for a period of time.

At some point, U.S. Bank informed the plaintiffs that their most recent payment was seventy dollars short of the required amount.  U.S. Bank explained that the property taxes on the Manchester House had increased and there were insufficient funds in the plaintiffs' escrow account to cover the additional taxes. U.S. Bank told the plaintiffs that it would not accept any payment unless it included the additional seventy dollars.

The plaintiffs and U.S. Bank began discussing a "partial payment plan," where the plaintiffs would agree to make "half-payments" and U.S. Bank would assist them in obtaining a mortgage modification agreement.  At some point, the plaintiffs encountered "health issues" and "were forced to temporarily stay in an apartment in Pittsfield, New Hampshire" ("Pittsfield Apartment").  Despite staying at the Pittsfield Apartment, the plaintiffs left all of their possessions in the Manchester House, and continued to pay for the utilities at the house.

While staying at the Pittsfield Apartment, the plaintiffs corresponded with U.S. Bank regarding resolution of the additional charges and a possible modification agreement. Eventually, U.S. Bank refused to enter into a modification agreement with the plaintiffs, and instead increased the amount due for the monthly mortgage payments in order to recoup the money that the plaintiffs had not paid while making "half-payments."[1]

---

[1]The complaint does not allege when U.S. Bank charged the additional seventy dollars, how long the plaintiffs were negotiating with U.S. Bank to resolve the issue, or when the plaintiffs began staying at the Pittsfield Apartment.

On August 10, 2010, U.S. Bank purchased the Manchester House at a foreclosure auction.[2]  U.S. Bank recorded the foreclosure deed, which was dated November 29, 2010, with the Hillsborough County Registry of Deeds on December 7, 2010.  The plaintiffs allege that they did not know at the time that the house had been auctioned off or that U.S. Bank was the purchaser, and that U.S. Bank led them to believe that they still owned the house after the date of the auction.

On May 1, 2011, the Hillsborough County Sheriff, on behalf of U.S. Bank, "completed abode service" of an eviction notice at the Manchester House.  The eviction notice required the plaintiffs to vacate the house on or before June 10, 2011.  On June 22, 2011, the Hillsborough County Sheriff "completed abode service" of a landlord/tenant writ at the house.  The writ required the plaintiffs to file an appearance in a landlord/tenant action initiated by U.S. Bank on or before June 30, 2011.  The plaintiffs allege that they never received the eviction notice or the writ because they were staying at the Pittsfield Apartment during this time.

On or about July 2-4, 2011, Five Brothers, which was hired by U.S. Bank, entered the Manchester House without the plaintiffs' permission.  On July 6, 2011, the plaintiffs spoke with U.S. Bank about why Five Brothers had entered the house without their consent.  The plaintiffs allege that U.S. Bank told them that the plaintiffs held the deed to the house, that Five

---

[2]The defendants assert that U.S. Bank purchased the Manchester House on November 1, 2010.

Brothers was "securing the property," and that "no one would enter" the house.  Despite U.S. Bank's representations, that same day, Five Brothers entered the house and began removing the plaintiffs' possessions.

During the July 6 conversation, U.S. Bank also told the plaintiffs that they had until the following day, July 7, 2011, to sign the modification paperwork.  The plaintiffs faxed the signed paperwork to U.S. Bank on July 7.

On July 8, 2011, the plaintiffs received a notice that they had defaulted in the landlord/tenant action for failure to file an appearance.  The notice indicated that a writ of possession would issue on July 11, 2011.  The plaintiffs filed a motion on July 11 asking the court to strike the default, arguing that they had not received any documents concerning the eviction and that they were working with U.S. Bank on a loan modification.

On July 10, 2011, the plaintiffs learned that Five Brothers had removed almost all of their possessions from the Manchester House.  The plaintiffs contacted U.S. Bank the following day about the removal of their possessions, and U.S. Bank told the plaintiffs to speak with Five Brothers.  The plaintiffs filed a complaint with the Manchester Police Department that day because of the "wrongful removal of their possessions" from the house.

The following day, July 12, the plaintiffs spoke with Five Brothers.  Five Brothers "apologized for the miscommunication between it and [U.S. Bank] which caused them to remove Plaintiffs' possessions from [the Manchester House] in error."

On July 14, 2011, U.S. Bank filed a motion for voluntary non-suit with prejudice in the landlord/tenant action.  The following day, the plaintiffs received a letter from U.S. Bank stating "your loan is currently being reviewed for default resolution workout options."  On July 21, 2011, U.S. Bank asked the plaintiffs to provide them with additional information in connection with the loan workout within thirty days.

On August 18 and August 20, 2011, Five Brothers entered the Manchester House and removed the plaintiffs' remaining possessions.  The plaintiffs did not give Five Brothers or U.S. Bank permission to remove anything from the house.  The plaintiffs allege that Five Brothers subsequently disposed of their possessions.

The plaintiffs brought suit in state court against U.S. Bank and Five Brothers, alleging claims for "Statutory Violations, e.g., RSA 540, RSA 540-A and RSA 358-A" (Count I); Conversion (Count II); Trespass to Chattels (Count III); "Attorney's Fees and Costs" (Count IV); and Negligence (Count V).  The defendants removed the case to this court and move to dismiss Count I.

<u>Standard of Review</u>

Because the defendants filed their answer before filing the motion to dismiss, the motion to dismiss is construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  Shay v. Walters, 702 F.3d 76,
82 (1st Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant
to move to dismiss on the ground that the plaintiff's complaint
fails to state a claim on which relief can be granted.  In
assessing a complaint for purposes of a motion to dismiss, the
court "separate[s] the factual allegations from the conclusory
statements in order to analyze whether the former, if taken as
true, set forth a plausible, not merely conceivable, case for
relief."  Juarez v. Select Portfolio Servicing, Inc., 708 F.3d
269, 276 (1st Cir. 2013) (internal quotation marks omitted).  "If
the facts alleged in [the complaint] allow the court to draw the
reasonable inference that the defendants are liable for the
misconduct alleged, the claim has facial plausibility."  Id.
(internal quotation marks omitted).


Discussion

The defendants move for judgment on Count I, arguing that
the plaintiffs fail to state a claim that the defendants violated
RSA 540, RSA 540-A, or RSA 358-A.  The plaintiffs object, arguing
that viewing the facts in the light most favorable to them, they
have alleged certain statutory violations.


A.   RSA 540-A

The defendants argue that RSA 540-A is inapplicable to them
because the statute applies only to landlords who rent or lease
residential premises, which they are not.  The plaintiffs did not

6

address the defendants' arguments regarding RSA 540-A in their
objection.  Accordingly, because the defendants are not
"landlords" under RSA 540-A, the defendants are entitled to
judgment on the portion of Count I based on that statute.  <u>See,
e.g.</u>, <u>Evans v. J Four Realty, LLC</u>, 164 N.H. 570, 578 (2013) ("RSA
540-A:1, I, specifically defines a 'landlord' as one '<u>who rents
or leases residential premises</u>.' Had the legislature intended
damages actions under RSA chapter 540-A to be brought against
those who do not 'rent or lease residential premises,' it could
have so stated.") (internal citations omitted).


B.   <u>RSA 540</u>

     The defendants argue that the only subsection of RSA 540
that could apply to them is RSA 540:12, which provides that the
purchaser of a home in a foreclosure sale may recover possession
of the home if it gives the occupant proper notice.  The
defendants contend that the factual allegations in the complaint
show that U.S. Bank provided the plaintiffs with proper notice.[3]
In response, the plaintiffs contend that they have adequately
alleged a claim under RSA 540:12.

---

     [3]The defendants suggest in a footnote that RSA 540 may not
apply to them because U.S. Bank did not rent the Manchester
House.  To the extent the defendants intended to argue that the
portion of Count I based on RSA 540 should be dismissed because
the statute does not apply to them, that argument was not
sufficiently developed to be addressed.  <u>See</u> <u>Higgins v. New
Balance Athletic Shoes, Inc.</u>, 194 F.3d 252, 260 (1st Cir. 1999);
<u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).

7

RSA 540:12, titled "Possessory Action," provides: "The owner, lessor, or purchaser at a mortgage foreclosure sale of any tenement or real estate may recover possession thereof from a lessee, occupant, mortgagor, or other person in possession, holding it without right, after notice in writing to quit the same as herein prescribed."   Thus, purchasers of a property at a foreclosure sale may be liable for an eviction if "they fail[] to comply with the notice to quit process required by" RSA 540:12. Bradley v. Wells Fargo Bank, N.A., 2014 WL 815333, at *4 (D.N.H. Mar. 3, 2014); see also Greelish v. Wood, 154 N.H. 521, 528 (2006) (recognizing a cause of action for damages for a failure to comply with the notice to quit process).

The requirements of a notice to quit premises is governed by RSA 540:2, which provides that a notice to quit must be given in accordance with RSA 540:3 and 540:5.   RSA 540:3 requires a notice to quit be given to an occupant at least thirty days prior to terminating a tenancy.   RSA 540:5 requires that the notice "be served upon the tenant personally or left at his or her last and usual place of abode."

The defendants argue that the complaint alleges that they served an eviction notice on May 1, 2011, that the eviction notice required the plaintiffs to vacate the house on or before June 10, 2011, and that Five Brothers did not remove any possessions until July 6, 2011.   The defendants argue that, therefore, they complied with the thirty days' notice provision of RSA 540:3.   They also contend that they complied with RSA

540:5 because the eviction notice was left at the Manchester House, which was the plaintiffs' last and usual place of abode.

In response, the plaintiffs argue that their last and usual place of abode was the Pittsfield Apartment and, therefore, they were not properly served under RSA 540:5.  In addition, they argue that the defendants would not have been entitled to recover possession of the house until after a writ of possession was issued and served upon them.  They contend that because the writ of possession was never issued and, thus, never served, the defendants failed to comply with RSA 540.

The plaintiffs allege that at some point prior to the foreclosure auction, they began staying at the Pittsfield Apartment.  They also allege that they "corresponded" with U.S. Bank while staying at the Pittsfield Apartment in order to resolve the issues with their mortgage payments.  None of the parties has provided, and the court is not aware of, New Hampshire case law defining an occupant's "last and usual place of abode" as the phrase is used in RSA 540:5.

It is unclear from the complaint how long the plaintiffs were staying at the Pittsfield Apartment and whether U.S. Bank knew that the plaintiffs were staying at the Pittsfield Apartment at the time of service of the eviction notice.[4]  In light of the standard on a motion for judgment on the pleadings, the court cannot determine whether service of the eviction notice was proper and, therefore, cannot determine whether U.S. Bank

---

[4]Under RSA 540:3, V, an eviction notice is equivalent to a notice to quit for purposes of the statute.

complied with RSA 540.  Accordingly, the defendants' motion to
dismiss Count I, to the extent it seeks to dismiss the portion of
the claim under RSA 540, is denied.[5]


C.   RSA 358-A

     The defendants argue that they are exempt from RSA 358-A
because banks and other similar institutions are subject to the
jurisdiction of the bank commissioner.  See RSA 358-A:3; Monzione
v. U.S. Bank, N.A., 2013 WL 310013, at *3 (D.N.H. Jan. 25, 2013).
The plaintiffs do not dispute U.S. Bank's immunity and do not
pursue their claim under RSA 358-A against U.S. Bank in their
objection.  They argue, however, that Five Brothers is not
subject to the jurisdiction of the bank commissioner and,
therefore, can be liable under RSA 358-A.  In their reply, the
defendants argue that Five Brothers is subject to the
jurisdiction of the bank commissioner because it acted on
direction from U.S. Bank, and that the complaint does not allege
a claim under RSA 358-A against Five Brothers in any event.

---

[5]The plaintiffs also argue that regardless of whether U.S.
Bank complied with the requirements of a notice to quit in RSA
540, U.S. Bank "would only be able to recover possession of the
Manchester [House] after a writ of possession issued and after
the sheriff served the writ of possession."  The plaintiffs cite
to RSA 540:14 in support of that assertion.  RSA 540:14 does not
appear to create a private right of action, and to the extent the
defendants illegally seized the plaintiffs' possessions, that
conduct could be actionable under the plaintiffs' claims for
conversion or trespass to chattels.  Because the court cannot
determine in the context of a motion for judgment on the
pleadings whether the plaintiffs were properly served with the
notice to quit, however, the court does not address whether Count
I could survive based on RSA 540:14.

The New Hampshire Consumer Protection Act, RSA 358-A:2, provides: "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within the state."  The complaint does not allege any unfair method of competition or unfair or deceptive act or practice undertaken by Five Brothers. Nor do the plaintiffs attempt to point to any such allegations in their objection.  Therefore, the defendants are entitled to judgment on the pleadings on Count I to the extent it is based on a claim for violation of RSA 358-A.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss Count I of the complaint (document no. 15) is granted as to the parts of the claim based on RSA 540-A and RSA 358-A, and is otherwise denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 9, 2014

cc:  Donna-Marie Cote, Esq.
     Michael J. Lambert, Esq.